IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| JOSEPH HALL, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-23 |
| v. | |
| WARDEN DEAL; et al., | |
| Defendants. | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Georgia State Prison in Reidsville, Georgia, filed this action asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is now before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's claim against Defendant Deal for monetary damages;

2. Any claims for monetary relief against Defendants in their official capacities; and

3. Plaintiff's request for the Court to fire or reprimand Defendants Hutchinson, Chambers, Sistrunk, and Michell.

However, I **FIND** some of Plaintiff's claims may proceed. Specifically, the Court directs service, by separate Order, of Plaintiff's Eighth Amendment claims of deliberate indifference against Defendants Hutchinson, Chambers, Michell, Sistrunk, Jackson, Williams, Powell, and Cook,[1] as well as Plaintiff's claim for injunctive relief in the form of a transfer against Defendant Deal.

---

[1] With respect to Plaintiff's claims against the two unnamed CERT members, this Court asks Plaintiff, by separate Order, to supplement his Complaint with additional information to identify these unnamed Defendants so that they may be served.

## PLAINTIFF'S CLAIMS[2]

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 based on events that occurred at Georgia State Prison in February 2019.  Doc. 1.  On February 18, 2019, prison officials attempted to place Plaintiff in a cell with an inmate named John White.  According to Plaintiff, John White did not want to share a cell with Plaintiff because he believed Plaintiff was a homosexual, but ultimately White allowed Plaintiff in his cell after prison officials threatened to tase him.  Id. at 8.  On February 20, 2019, inmate White was removed from the shared cell after starting a fire that nearly suffocated Plaintiff.  Id. at 7–8.  Then on February 27, 2019, prison officials, acting on directions from unit manager Defendant Hutchinson, attempted to return inmate White to Plaintiff's cell.  Id. at 6, 8.

On that date, Defendants Chambers, Mickell, and Sistrunk ordered Plaintiff to cuff up.  Plaintiff refused because he feared for his life, and he was maced in response.  Plaintiff alleges he told Defendant Chambers he feared for his life.  Id. at 8.  According to Plaintiff, inmate White was screaming to not be placed back in the cell with Plaintiff, but Defendants Jackson, Powell, Cook, Williams, Chambers, Michell, and Sistrunk, along with two unnamed CERT members, dragged White into the cell.  Id. at 6.  In the words of Plaintiff, "[a] blind person could see this was clearly not going to end well."  Id. at 7.  The cell door was secured, and inmate White's handcuffs were removed while Plaintiff remained cuffed.  Id.  White then hit Plaintiff in the head and face, causing Plaintiff's head to hit the wall.  Id. at 6–7.  The officers sprayed and tased White in order to stop the assault, and Plaintiff was removed from the cell while still dizzy and coughing, and he passed out, hitting his head hard on the floor.  Id. at 7.  Plaintiff alleges he was

---

[2] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

denied medical treatment at the time and did not receive treatment for his concussion until a week later.  Id.

According to Plaintiff, inmate White has a history of assaulting cellmates, especially homosexuals.  Id.  Plaintiff, alleging Defendants were deliberately indifferent to his health and safety, seeks compensatory damages as well as relief in the form of a transfer to another facility.  Id. at 6, 9.  He also asks the Court to reprimand or fire several of the Defendants.  Id. at 9.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all prisoner complaints.  28 U.S.C. § 1915A(b).  During the initial screening, the court must identify any cognizable claims in the complaint.  Id.  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.[3]  Id.  In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.

---

[3]  Similarly, the Court must also conduct an initial screening of any action in which the plaintiff is proceeding *in forma pauperis*.  28 U.S.C. § 1915(a).

Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  At this stage, the Court accepts as true a plaintiff's factual allegations.  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

## DISCUSSION

**I.     Claims for Monetary Damages Against Defendants in Their Official Capacities**

Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities.  States are immune from private suits based on the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989).  Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983.  Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections.  Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief, and, therefore, the Court should **DISMISS** any such claims.

**II.    Plaintiff's Claims Against Defendant Deal**

Plaintiff has named Warden Deal as a Defendant in this case.  However, rather than alleging that Defendant Deal participated in the events of February 27, 2019, he only complains that Defendant Deal assigned Defendant Hutchinson, the unit manager, to his position.  Doc. 1 at

6. "Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or respondeat superior." Averhart v. Warden, 590 F. App'x 873, 874 (11th Cir. 2014) (citing Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)).  Rather, "[a] supervisor can be held liable under § 1983 if he personally participates in the alleged constitutional violation or if a causal connection exists between his acts and the constitutional infirmity." Id.  "A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008).  Here, Plaintiff has failed to allege any facts that would sufficiently establish a causal connection between Defendant Deal's acts and the assault by inmate White.  Defendant Deal's decision to make Defendant Hutchinson a unit manager is not enough to support an Eighth Amendment claim against him.  As a result, I **RECOMMEND** the Court **DISMISS** any claims for monetary damages against Defendant Deal in his individual capacity.

While Plaintiff has failed to sufficiently allege an Eighth Amendment claim against Defendant Deal so as to bring a damages action against him, he may still have a claim against Defendant Deal for injunctive relief under the exception to Eleventh Amendment immunity outlined in Ex Parte Young, 209 U.S. 123 (1908).  This exception permits plaintiffs to seek prospective relief against state officers in their official capacities.

In Luckey v. Harris, 860 F.2d 1012, 1015–16 (11th Cir. 1988), the Eleventh Circuit articulated the scope of the Ex Parte Young exception, explaining:

5

> Personal action by defendants individually is not a necessary condition of injunctive relief against state officers in their official capacity. All that is required is that the official be responsible for the challenged action. As the Young court held, it is sufficient that the state officer sued must, "by virtue of his office, ha[ve] some connection" with the unconstitutional act or conduct complained of. "[W]hether [this connection] arises out of general law, or is specially created by the act itself, is not material so long as it exists."

Id. (citing Young, 209 U.S. at 157).

As Defendant Deal is the warden at Plaintiff's current facility, he may be suable in his official capacity for Plaintiff's claim requesting injunctive relief in the form of a transfer to another facility.

### III. Plaintiff's Request for Defendants to be Fired or Reprimanded

Plaintiff also requests the Court to "[f]ire or reprimand Mr. Hutchinson, Lt. Chambers, Sgt. Sistrunk, [and] Sgt. Mickell." Doc. 1 at 9. "[F]ederal courts have no authority to address state officials out of office or to fire state employees." Newman v. Alabama, 559 F.2d 283, 288 (5th Cir. 1977), *rev'd on other grounds, sub nom.,* Alabama v. Pugh, 438 U.S. 781 (1978). Further, this Court has no authority to reprimand these Defendants. Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's requested relief.

### CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim against Defendant Deal for monetary damages and **DISMISS** any claims for monetary relief against Defendants in their official capacities. I also **RECOMMEND** the Court **DENY** Plaintiff's request for the Court to fire or reprimand Defendants Hutchinson, Chambers, Sistrunk, and Michell.

Any party seeking to object to this Report and Recommendation shall file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See

28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of May, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA